IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEIGH ANN HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: |
| v. ) | |
| ) | Trial By Jury Demanded |
| STATE OF DELAWARE, ) | |
| DEPARTMENT OF HEALTH ) | |
| AND SOCIAL SERVICES, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### THE PARTIES

1. The plaintiff, Leigh Ann Harrison (hereinafter referred to as "plaintiff"), was at all times relevant to this complaint a resident of the State of Delaware.

2. The defendant, the State of Delaware, Department of Health and Social Services, (hereinafter referred to as "defendant") is an agency of the State of Delaware.

3. The plaintiff is a female, with a Bachelor's Degree in medicine, and was employed by the defendant.

### JURISDICTION

4. This Court had jurisdiction over this matter in that it is brought pursuant to the provisions of 28 U.S.C. §§1331, 1332 and 1343(a)(3)(4), 28 U.S.C. §§ 2201, 2202 as well as the Fourteenth Amendment of the United States Constitution.

5. In addition, this action also arises under Title VII, The Civil Rights Act of 1964, 42 U.S.C. §2000e, et.seq., as amended by the Civil Rights Act of 1991, §704 of Title VII.

## VENUE

6.	The unlawful practices alleged herein were committed within the State of Delaware, accordingly venue lies with this Court under 42 U.S.C. §1339(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.	Prior to the filing of this action the plaintiff timely filed a charge of sexual discrimination with the Delaware Department of Labor and the Equal Employment Opportunity Commission, on February 22, 2006 (a copy of which is attached hereto as Exhibit No. 1), alleging the discriminatory and harassing conduct.

8.	Thereafter, on or about April 5, 2007 the Equal Employment Opportunity Commission signed and issued to the plaintiff a "Notice of Suit Rights" (attached hereto as Exhibit No. 2), which was received by the plaintiff thereafter.

## FACTS

9.	The plaintiff graduated from Virginia Tech University, in 2002, with a degree in biology.

10.	In May 2004 the plaintiff was hired by the defendant in a pay grade 9 position as a medical technician to be trained as a phlebotomist.

11.	At the time the plaintiff was hired, she was informed that her supervisor had commented that he did not want to supervise a "dumb blonde".

12.	On May 21, 2004 the plaintiff met with her supervisor. During the initial interview, she was told by her supervisor that she was lucky to be a single career minded woman and would go far if she stayed that way, since career minded women corrupted the job.

13. Although the plaintiff was hired for a pay grade 9 position, her initial assignment was as a clerical worker in a warehouse, in a pay grade 3 position. She was told that she would have to cover that position while another employee was on leave.

14. After being hired, the plaintiff was denied the usual, customary and mandatory new employee training, despite numerous requests.

15. As a result of the assignment, the warehouse clerical position, in a pay grade 3 position, she was required to train a replacement.

16. The plaintiff's male supervisor had promised the next advancement and promotion to the new employee, and stated that it was hers as long as she did not get pregnant or married.

17. In June 2004, the plaintiff became pregnant and informed her supervisor, Kathy Moore of the pregnancy, and her concerns resulting from her previous comments from her initial male supervisor.

18. Her then supervisor, Ms. Moore, agreed to tell their male supervisor, the plaintiff's initial supervisor, of her pregnancy.

19. At the point when the plaintiff was seven (7) months pregnant, her male supervisor ordered her to clean her lab, and when she told him it was difficult because of her condition, she was told that she should get a scrub brush, use bleach, and get on her hands and knees to clean the floors.

20. Prior to the plaintiff taking maternity leave the supervisor informed her that co-workers had complained about her pending medical or maternity leave which would cause problems.

21. Despite assurances, that when she took maternity leave, that her job would be preserved under the "Family Medical Leave Act", while on leave the plaintiff's job was posted as "Vacant" on the State of Delaware website for job listings.

22. In January 2005, the plaintiff visited her work site, prior to returning to work, with her newborn child. At that time her male supervisor questioned her about her breast feeding and how she would accomplish that when she returned to work.

23. When the plaintiff returned to work in February 2005 her male supervisor stated that he hoped she loved her child enough to stay home with the child because a male worker was more qualified and deserved her position.

24. When she returned to work she continued to request usual, customary and mandatory new employee training and such request continued to be denied.

25. As a result of learning that her job had been listed as vacant on the State of Delaware website for job listings, the plaintiff contacted the defendant's Department of Human Resources with her concerns.

26. After returning from maternity leave the defendant hired a new lab tech, at a pay grade 9. At that time her male supervisor told her that the new employee was the perfect girl for the job since she was single and had no children.

27. The new employee referred to in the preceding paragraph was permitted to take training in phlebotomy, including seminars in Atlantic City. The plaintiff was not permitted such training and was not permitted to attend the seminars in Atlantic City, in the same manner as other employees, including new employee trainees.

28. The plaintiff's male supervisor would not allow her to take free training courses offered by the State of Delaware.

29. In April 2005 plaintiff applied for a promotion to a Microbiologist II position.

30. She was informed that the position for which she had applied as a Microbiologist II had been given to a contract employee, but she could perform the work duties of a Microbiologist, but at a pay rate of a Lab Technician. She was told that if she did not accept this position, she would never receive a promotion to a Microbiologist.

31. In November 2005, the plaintiff was again offered a position as a Microbiologist, but was informed that her former male supervisor, and another male supervisor would decide if the promotion would actually occur. Her male supervisor informed her that her potential new male supervisor had a history of harassing female employees.

32. As a result of the "...excessive unfair and inappropriate comments" the plaintiff suffered anxiety attacks, became disabled, and was granted worker's compensation benefits pursuant to the Worker's Compensation Statute of Delaware, on July 6, 2006.

33. As a result of being hospitalized and disabled for anxiety and depression, the plaintiff took twelve (12) weeks "Family Medical Leave" time.

34. The state provides to its employees a "bankable" leave in additional to "Family Medical Leave". However, when the plaintiff applied for it, and was told that time would be donated for her, the defendant would not permit the plaintiff to avail herself of the additional leave.

35. When the plaintiff attempted to return to work her treating physician prescribed that she not return to supervision by her former male supervisor.

36. When the plaintiff attempted to return to work following her period of disability, the defendant would provide her only two options, which would have required her to return to work, either immediately, in close proximity with her former male supervisor, who had harassed

her or to "Alternative Duty", for 90 days, after which she would have to return to work for her former male supervisor.

37. As a direct and proximate result of the discriminatory acts of the defendant, the plaintiff has suffered discrimination by the defendant in this action, which has caused her to lose her employment with the defendant.

38. As an additional direct and proximate result of the discriminatory actions of the defendant, the plaintiff has suffered a loss of income in the past, presently, and will continue such losses in the future.

39. As a further direct and proximate result of the discriminatory actions of the defendant, the plaintiff has, is, and will in the future have great mental pain, suffering and anguish resulting from the discriminatory actions of the defendant.

## COUNT I

### Sexual Discrimination

40. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 39.

41. The defendant has discriminated against the plaintiff based upon her sex, by creating a hostile work environment, denying her training, denying her employment opportunities, denying her leave, in violation of 42 U.S.C. §2000e.

## COUNT II

### Retaliation

42. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 41.

43. The actions of the defendant, in refusing to give the plaintiff a position where she would not be subject to harassment, denying her equal opportunities for additional medical leave, were acts of retaliation in violation of 42 U.S.C. §2000e-(3).

WHEREFORE, the plaintiff requests this Honorable Court to enter a judgment in her favor and against the defendant as follows:

a. Declare the conduct engaged in by the defendant to be in violation of the plaintiff's statutory rights.

b. Order the promotion of the plaintiff to a level which is commensurate with her time, experience and qualifications, or in lieu thereof granting the plaintiff front pay, to compensate her for her pecuniary losses, which she will suffer as a result of the wrongful conduct of the defendant in the future.

c. Award the plaintiff back pay and compensation for her pecuniary losses from the date of the wrongful conduct described herein until the date of any judgment.

d. Award the plaintiff sufficient funds to compensate her for her losses, pain and mental suffering, which cannot otherwise be compensated by equitable relief.

e. Award the plaintiff compensatory and punitive damages not otherwise specified herein.

f. Award the plaintiff any all liquidated damages, which would make the plaintiff "whole".

g. Award the plaintiff attorney fees and the cost of this action, pre-judgment and post judgment interest, and, such other further relief as this Court deems just and proper.

                    ABER, GOLDLUST, BAKER & OVER

                        /s/ Gary W. Aber
                  GARY W. ABER (DSB #754)
                  702 King Street, Suite 600
                  P.O. Box 1675
                  Wilmington, DE  19899
                  (302) 472-4900
                  Attorney for Plaintiff

DATED:  July 3, 2007

js 44
(REV. 07/89)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papaers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpsoe of initiating the civil docket sheet. (SEE INSTRUCTIONS OF THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS<br><br>LEIGH ANN HARRISON | DEFENDANTS<br>STATE OF DELAWARE DEPARTMENT OF HEATLH AND SOCIAL SERVICES. |
|---|---|
| b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___New Castle___<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___New Castle___<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Gary W. Aber, Esquire, Aber, Goldlust, Baker & Over, 702 King Street, Suite 600, Wilmington, DE 19801 | ATTORNEYS (IF KNOWN) |

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government
☒ 3 Federal Question
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicated Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | XX 1 | ☐ 1 | incorporated or Principal Place Of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place Of business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U S CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTION STATUES UNLESS DIVERSITY)

**42 U.S.C. §2000e**

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 422 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury-- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury -- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | | ☐ 810 Selective Service |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Property Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | XX 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Equipment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Dealth Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | | ☐ 871 IRS -- Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statues |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Right | | | ☐ Other Statutory Actions |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P 23   **DEMAND $**   Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE
July 3, 2007

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# INSTRUCTIONS FOR ATTORNEYS COMPLETING; CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs - Defendants**. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abreviations. If the plaintiff or defendant is an official within a govenrment agency, identify "first the agency and then the official, giving both name and title.

(b)County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c)Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shwon below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) Where the plaintiff is suing the United States, its officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different state. When Box 4 is checked, the citizenship of the different parties. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Cause of Action.** Report the civil statue directly related to the cause of action and give a brief description of the cause.

**V. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the disctirct court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

**VII. Requestd in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunctionn.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

(rev. 07/89)

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **0 7 - 4 2 4**

## ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

### *NOTICE OF AVAILABILITY OF A*
### *UNITED STATES MAGISTRATE JUDGE*
### *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF \_\_\_1\_\_\_ COPIES OF AO FORM 85.

JUL - 3 2007

_____           _____
(Date forms issued)                                (Signature of Party or their Representative)

                                                             JOE BARTOK
                                                   _____
                                                   (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action