IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEIGH ANN HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 07-424 |
| v. ) | |
| ) | Trial By Jury Demanded |
| STATE OF DELAWARE, ) | |
| DEPARTMENT OF HEALTH ) | |
| AND SOCIAL SERVICES, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S NOTICE OF AMENDMENT PURSUANT TO RULE 15(a)**

PLEASE TAKE NOTICE, that the Plaintiff, pursuant to the provisions of Rule 15(a), Federal Rules of Civil Procedure, amends the Complaint in the form attached hereto as a matter of right, the defendants having not filed a responsive pleading to the complaint.

ABER, GOLDLUST, BAKER & OVER

 /s/ Gary W. Aber
GARY W. ABER (DSB #754)
First Federal Plaza, Suite 600
702 King Street, P.O. Box 1675
Wilmington, DE  19899
302-472-4900

DATED:  July 18, 2007            Attorney for Plaintiff

# EXHIBIT 1

Case 1:07-cv-00424-GMS    Document 3    Filed 07/18/2007    Page 2 of 10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEIGH ANN HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.:07-424 |
| v. ) | |
| ) | Trial By Jury Demanded |
| STATE OF DELAWARE, ) | |
| DEPARTMENT OF HEALTH ) | |
| AND SOCIAL SERVICES, ) | |
| ) | |
| Defendant. ) | |

## AMENDED COMPLAINT

### THE PARTIES

1. The plaintiff, Leigh Ann Harrison (hereinafter referred to as "plaintiff"), was at all times relevant to this complaint a resident of the State of Delaware.

2. The defendant, the State of Delaware, Department of Health and Social Services, (hereinafter referred to as "defendant") is an agency of the State of Delaware.

3. The plaintiff is a female, with a Bachelor's Degree in medicine, and was employed by the defendant.

### JURISDICTION

4. This Court had jurisdiction over this matter in that it is brought pursuant to the provisions of 28 U.S.C. §§1331, 1332 and 1343(a)(3)(4), 28 U.S.C. §§ 2201, 2202 as well as the Fourteenth Amendment of the United States Constitution.

5. In addition, this action also arises under Title VII, The Civil Rights Act of 1964, 42 U.S.C. §2000e, et.seq., as amended by the Civil Rights Act of 1991, §704 of Title VII.

## VENUE

6.    The unlawful practices alleged herein were committed within the State of Delaware, accordingly venue lies with this Court under 42 U.S.C. §1339(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.    Prior to the filing of this action the plaintiff timely filed a charge of sexual discrimination with the Delaware Department of Labor and the Equal Employment Opportunity Commission, on February 22, 2006 (a copy of which is attached hereto as Exhibit No. 1), alleging the discriminatory and harassing conduct.

8.    Thereafter, on or about April 5, 2007 the Equal Employment Opportunity Commission signed and issued to the plaintiff a "Notice of Suit Rights" (attached hereto as Exhibit No. 2), which was received by the plaintiff thereafter.

## FACTS

9.    The plaintiff graduated from Virginia Tech University, in 2002, with a degree in **Animal and Poultry Science with a concentration in Biotechnology**.

10.    In May 2004 the plaintiff was hired by the defendant in a pay grade 9 position as a medical technician to be trained as a phlebotomist.

11.    At the time the plaintiff was hired, she was informed **by John Caldwell** that her supervisor had commented that he did not want to supervise a "dumb blonde".

12.    On May 21, 2004 the plaintiff met with her supervisor. During the initial interview, she was told by her supervisor that she was lucky to be a single career minded **mothers** and would go far if she stayed that way, since career minded women corrupted the job.

13. Although the plaintiff was hired for a pay grade 9 position, her initial assignment was as a clerical worker in a warehouse, in a pay grade 3 position. She was told that she would have to cover that position while another employee was on leave.

14. After being hired, the plaintiff was denied the usual, customary and mandatory new employee training, despite numerous requests.

15. As a result of the assignment, the warehouse clerical position, in a pay grade 3 position, she was required to train a replacement.

16. In June 2004, the plaintiff became pregnant and informed **the** supervisor, Kathy Moore of the pregnancy, and her concerns resulting from her previous comments from her initial male supervisor.

17. Her then supervisor, Ms. Moore, agreed to tell their male supervisor, the plaintiff's initial supervisor, of her pregnancy.

18. At the point when the plaintiff was seven (7) months pregnant, her male supervisor ordered her to clean her lab, and when she told him it was difficult because of her condition, she was told that she should get a scrub brush, use bleach, and get on her hands and knees to clean the floors.

19. Prior to the plaintiff taking maternity leave the **male** supervisor informed her that co-workers had complained about her pending medical or maternity leave which would cause problems.

20. Despite assurances, that when she took maternity leave, that her job would be preserved under the "Family Medical Leave Act", **before she went on**

**maternity leave** the plaintiff's job was posted as "Vacant" on the State of Delaware website for job listings.

2<u>1</u>.    When the plaintiff returned to work in February 2005 her male supervisor stated that he hoped she loved her child enough to stay home with the child because a male worker was more qualified and deserved her position.

2<u>2</u>.    When she returned to work she continued to request usual, customary and mandatory new employee training and such request continued to be denied.

2<u>3</u>.    In January 2005, the plaintiff visited her work site, prior to returning to work, with her newborn child.  At that time her male supervisor questioned her about her breast feeding and how she would accomplish that when she returned to work.

2<u>4</u>.    As a result of learning that her job had been listed as vacant on the State of Delaware website for job listings, the plaintiff contacted the defendant's Department of Human Resources with her concerns.

**25**.    **The plaintiff's male supervisor had promised the next advancement and promotion would be to the new employee, that the plaintiff was training and stated that it was the new employee's as long as she did not get pregnant or married.**

26.    After returning from maternity leave the defendant hired a new lab tech, at a pay grade 9.  At that time her male supervisor told her that the new employee was the perfect girl for the job since she was single and had no children.

27.    The new employee referred to in the preceding paragraph**s** was permitted to take training in phlebotomy, including seminars in Atlantic City.  The plaintiff was not

permitted such training and was not permitted to attend the seminars in Atlantic City, in the same manner as other employees, including new employee trainees.

28. The plaintiff's male supervisor would not allow her to take free training courses offered by the State of Delaware.

29. In April 2005 plaintiff applied for a promotion to a Microbiologist II position.

30. She was informed that the position for which she had applied as a Microbiologist II had been given to a contract employee, but she could perform the work duties of a Microbiologist **II**, but at a pay rate of a Lab Technician. She was told that if she did not accept this position, she would never receive a promotion to a Microbiologist.

31. In November 2005, the plaintiff was again offered a position as a Microbiologist **II** but was informed that her former male supervisor, and another male supervisor would decide if the promotion would actually occur. Her male supervisor informed her that her potential new male supervisor had a history of harassing female employees.

32. As a result of the "...excessive unfair and inappropriate comments" the plaintiff suffered anxiety attacks, became disabled, and was granted worker's compensation benefits pursuant to the Worker's Compensation Statute of Delaware, on July 6, 2006.

33. As a result of being hospitalized and disabled for anxiety and depression, the plaintiff took twelve (12) weeks "Family Medical Leave" time.

34. The state provides to its employees a "bankable" leave in additional to "Family Medical Leave". However, when the plaintiff applied for it, and was told that

**such** time would be donated for her, **however** the defendant would not permit the plaintiff to avail herself of the additional leave.

35. When the plaintiff attempted to return to work her treating physician prescribed that she not return to supervision by her former male supervisor.

**36** **When the plaintiff first attempted to return to work she was denied such a return until the doctor treating her for mental illness completely cleared her to return to work.**

37. When the plaintiff attempted to return to work following her period of disability, the defendant would provide her only two options, which would have required her to return to work, either immediately, in close proximity with her former male supervisor, who had harassed her or to "Alternative Duty", for 90 days, after which she would have to return to work for her former male supervisor.

38. As a direct and proximate result of the discriminatory acts of the defendant, the plaintiff has suffered discrimination by the defendant in this action, which has caused her to lose her employment with the defendant.

39. As an additional direct and proximate result of the discriminatory actions of the defendant, the plaintiff has suffered a loss of income in the past, presently, and will continue such losses in the future.

40. As a further direct and proximate result of the discriminatory actions of the defendant, the plaintiff has, is, and will in the future have great mental pain, suffering and anguish resulting from the discriminatory actions of the defendant.

## COUNT I

### Sexual Discrimination

41.   The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 40.

42.   The defendant has discriminated against the plaintiff based upon her sex, by creating a hostile work environment, denying her training, denying her employment opportunities, denying her leave, in violation of 42 U.S.C. §2000e.

## COUNT II

### Retaliation

43.   The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 42.

44.   The actions of the defendant, in refusing to give the plaintiff a position where she would not be subject to harassment, denying her equal opportunities for additional medical leave, were acts of retaliation in violation of 42 U.S.C. §2000e-(3).

WHEREFORE, the plaintiff requests this Honorable Court to enter a judgment in her favor and against the defendant as follows:

a.   Declare the conduct engaged in by the defendant to be in violation of the plaintiff's statutory rights.

b.   Order the promotion of the plaintiff to a level which is commensurate with her time, experience and qualifications, or in lieu thereof granting the plaintiff front pay, to compensate her for her pecuniary losses, which she will suffer as a result of the wrongful conduct of the defendant in the future.

  c. Award the plaintiff back pay and compensation for her pecuniary losses from the date of the wrongful conduct described herein until the date of any judgment.

  d. Award the plaintiff sufficient funds to compensate her for her losses, pain and mental suffering, which cannot otherwise be compensated by equitable relief.

  e. Award the plaintiff compensatory and punitive damages not otherwise specified herein.

  f. Award the plaintiff any all liquidated damages, which would make the plaintiff "whole".

  g. Award the plaintiff attorney fees and the cost of this action, pre-judgment and post judgment interest, and, such other further relief as this Court deems just and proper.

          ABER, GOLDLUST, BAKER & OVER

          /s/ Gary W. Aber
          GARY W. ABER (DSB #754)
          702 King Street, Suite 600
          P.O. Box 1675
          Wilmington, DE  19899
          (302) 472-4900
          Attorney for Plaintiff

DATED: July 17, 2007