IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LEIGH ANN HARRISON, | ) | |
| Plaintiff, | ) | |
| | ) | C.A.No.: 07-424 GMS |
| v. | ) | |
| | ) | |
| STATE OF DELAWARE, DEPARTMENT | ) | |
| OF HEALTH AND SOCIAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER OF DEFENDANT

1. The averments of this paragraph are unknown to the Defendant and are therefore, denied.

2. Admitted.

3. It is admitted that the Plaintiff is female and was once employed by the Defendant. It is denied that the Plaintiff has a bachelor's degree in medicine.

4. Denied.

5. Denied.

6. Denied.

7. Admitted that such an action was filed by the Plaintiff. Denied that the filing of such action was timely, denied that any harassing conduct occurred.

8. Admitted

9. Admitted.

10. It is admitted the Plaintiff was hired in May of 2004 at a pay grade 9. It is denied that the position was "a medical technician to be trained as a phlebotomist."

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Admitted

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. The Defendant incorporates herein and makes part hereof the responses to the allegations contained in paragraphs 1 through 39.

41. Denied.

42. The Defendant incorporates herein and makes part hereof the responses to the allegations contained in paragraphs 1 through 41.

43. Denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

The following defenses and affirmative defenses are set forth without admission of liability or improper conduct as to Defendant, or any of the Defendant's agents or employees:

44. The exclusivity provision of 19 Del.C. §2304 precludes suit against an employer by an employee alleging personal injury arising out of employment.

45. The Defendant is entitled to Qualified Immunity.

46. This matter is barred by the Eleventh Amendment of the U.S. Constitution.

47. The Court lacks original jurisdiction pursuant to Art. III, § 2 of the U.S. Constitution.

48. The Defendant is immune from liability to the Plaintiff under the doctrine of State Sovereign Immunity.

49. Plaintiff fails to state a claim on which relief may be granted.

50. Certain of Plaintiff's injuries existed prior to the date of the alleged wrongful conduct by defendants.

51. Plaintiff's injuries, if any, resulted from an intervening and superseding cause.

52. Plaintiff has failed to mitigate her alleged injuries.

53. The complaint should be dismissed, in whole or in part, for Plaintiff's failure to exhaust administrative remedies.

54. The Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendant.

55. The claims are barred by the appropriate statute of limitation or repose.

Defendant reserves the right to assert additional affirmative defenses should such defenses becomes apparent during or after discovery.

WHEREFORE, Defendant requests judgment in its favor for all that is just and proper, including dismissing the complaint with Plaintiff to pay the costs.

      /s/ Patricia D. Murphy  
Patricia D. Murphy  
Deputy Attorney General  
102 Water Street  
Dover, DE 19904

Dated: August 22, 2007