IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEIGH ANN HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 07-424(GMS) |
| v. ) | |
| ) | Trial By Jury Demanded |
| STATE OF DELAWARE, ) | |
| DEPARTMENT OF HEALTH ) | |
| AND SOCIAL SERVICES, ) | |
| ) | |
| Defendant. ) | |

**JOINT STATUS REPORT**

1. **Jurisdiction and Service**.

A. *Plaintiff's Position*: This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1332, 28 U.S.C. §§2201 and 2202. Jurisdiction is not disputed.

B. *Defendant's Position*: Jurisdiction is disputed. Legal issues remain as to the extent plaintiff's claims are barred by 19 *Del.C.* § 2304, 29 *Del.C.* § 5943, statutes of limitation or repose, exhaustion of administrative remedies, as well as various immunities.

2. **Substance of the Action**.

A. *Plaintiff's Position*: This matter is brought pursuant to the provisions of Title VII, 42 U.S.C. §2000e et.seq. The allegations of the complaint are that the plaintiff was harassed at her job because of her sex, and that she suffered a nervous breakdown. It has been conceded by the State, that her nervous breakdown was as a result of her work related incidents, although it is not conceded that those incidents constituted sexual harassment.

B. *Defendant's Position*: The defendant has not conceded anything in regard to this matter. This is not a claim of sexual harassment. This is a claim of gender-based discrimination and

retaliation. There are numerous factual disputes including: whether the alleged conduct occurred; the cause of the plaintiff's anxiety attack (not a nervous breakdown); whether there were any pre-existing conditions; whether plaintiff took advantage of preventative or corrective opportunities provided by the defendant; whether plaintiff mitigated her alleged injuries, etc….

3. **Identification of Issues**.

A. *Plaintiff's Position*: Whether the actions of which the plaintiff complains constitute sexual harassment and/or discrimination.

B. *Defendant's Position*: The primary legal issues are whether the plaintiff's claims constitute gender based discrimination under Title VII or section 1983. Defendant disputes the factual allegations and contends there were legitimate, non-discriminatory reasons for the actions taken in the course of plaintiff's employment. Defendant further contends that any of the alleged conduct fails to rise to the level of a hostile work environment. Defendant contends there was no retaliatory actions taken against the plaintiff. Defendant further disputes whether the plaintiff exhausted all her administrative remedies.

4. **Narrowing of Issues**.

A. *Plaintiff's Position*: The Delaware Industrial Accident Board proceedings resulted in an agreement of disability, based on the State's IME report that her mental disability was connected to work related incidents. It is expected that the defendant will file a motion for summary judgment at the close of discovery.

B. *Defendant's Position*: There is a legal question as to the extent the proceedings before the Industrial Accident Board can be relied upon by the plaintiff in this case. Defendant also intends to file motion(s) for summary judgment at the conclusion of its discovery.

5. **Relief**.

A.  *Plaintiff's Position*:   The plaintiff seeks monetary damages.  She was discharged by the defendant when she would not accept re-assignment, after an attempt to return to work, which she felt would result in further harassment.  Plaintiff seeks lost wages and compensation for her mental pain and suffering.

B.  *Defendant's Position*: As noted above, defendant will present legal argument related to the plaintiff's claims for monetary damages.  It is defendant's position that such claims are barred in this proceeding.  It is defendant's position that the plaintiff was discharged for a variety of legitimate, non-discriminatory reasons including those stated in her termination letter.

6. **Amendment of Pleadings?**

A.  *Plaintiff's Position*:   The complaint was amended as a matter of right pursuant to Rule 15(a), Federal Rules of Civil Procedure on or about July 18, 2007.

B.  *Defendant's Position*: Defendant may need to move the court to amend its answer to correspond to the altered allegations in the plaintiff's amended complaint and to add an additional affirmative defense.

7. **Joinder of Parties?**   None.

8. **Discovery**.  It is contemplated that each party will conduct discovery by means of written discovery and depositions.  It is believe that six (6) months will be needed for discovery.

9. **Estimated trial length**. Four (4) days.

10. **Jury trial?**    Yes

11. **Settlement**.  Not as of this date.  Parties would request referral of this matter to the magistrate for mediation.

12. Both of the undersigned parties have consulted and conferred concerning this Joint Status Report.

| | |
|---|---|
| STATE OF DELAWARE<br>DEPARTMENT OF JUSTICE | ABER, GOLDLUST, BAKER & OVER |
|     /s/ Kevin Slattery<br>KEVIN SLATTERY, ID# 2297<br>Deputy Attorney General<br>Carvel State Office Buildgin<br>820 N. French Street/ 6th Floor<br>Wilmington, DE 19801<br>(302) 577-8400<br>Attorney for the Defendant |     /s/ Gary W. Aber<br>GARY W. ABER (DSB #754)<br>702 King Street, Suite 600<br>P.O. Box 1675<br>Wilmington, DE 19899<br>(302) 472-4900<br>Attorney for the Plaintiff |