IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LEIGH ANN HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: 07-424(GMS) |
| v. | ) | |
| | ) | Trial By Jury Demanded |
| STATE OF DELAWARE, | ) | |
| DEPARTMENT OF HEALTH | ) | |
| AND SOCIAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RULE 26(a)(1) INITIAL DISCLOSURES

Defendant, State of Delaware, Department of Health and Social Services ("DHSS"), discloses the following information in compliance with Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Scheduling Order in this matter. These disclosures are based on information reasonably available to defendant as of this date. Continuing investigation and discovery may alter these disclosures. Defendant reserves the right to supplement the information disclosed below if additional information becomes available.

By making these disclosures, defendant does not represent that they are identifying every document, tangible thing, or witness possibly relevant to this claim. Nor does defendant waive their rights to object to the production of any document or tangible thing disclosed on the basis of any privilege, the work-product doctrine, relevancy, undue burden or any other valid objection. Defendant's disclosure represent a good faith effort to identify information they reasonably believe is required by Rule 26(a)(1).

Defendant's disclosures are made without waiver of: (1) the right to object on grounds of competency, privilege, relevancy and materiality, hearsay or other proper ground, (2) the right to object to the use of any such information, for any purpose, in whole or in part, in any other action; and (3) the right to object on any and all proper grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

All of the disclosures set forth below are made subject to the above objections and qualifications.

**(A)     Individuals likely to have discoverable information in support of defendant's defenses:**

1.     Dr. Jane Getchell; DPH Laboratory Director; 30 Sunnyside Road, Smyrna, DE 19977. Dr. Getchell oversaw the laboratories at DPH including the facilities at which plaintiff worked. Dr. Getchell had both e-mail and personal communication with the plaintiff.

2.     Frederick Franz; Quality Assurance/Laboratory Manager; 30 Sunnyside Road, Smyrna, DE 19977. Mr. Franz was the plaintiff's direct supervisor until December of 2005.

3.     Barbara Crosier; Human Resource Specialist at DHSS. She received communications from the plaintiff in October of 2004.

4.     Ted Mermigos; Division of Child Support Enforcement. He conducted the investigation surrounding the plaintiff's EEOC charge.

5.     Marie Collins; Human Resource Specialist at DHSS. She initially worked on the plaintiff's EEOC charge for DHSS.

  6.  Donna Phillips-DiMaria; CLIA Surveyor for State of Delaware. Reviewed an incident involving plaintiff and an error on an HIV test.

  In addition, defendant reserves the right, pursuant to Rule 26(e) to identify additional witnesses. Defendant further reserves the right to identify and call any witnesses listed by the plaintiff.

  **(B)**  **Documents that may be used to support State defendant's defenses:**

  1.  Documents contained in the plaintiff's personnel file maintained by the Human Resources office at DHSS including letters sent to, and received from, the plaintiff (and/or legal counsel) pertaining to her termination from employment.

  2.  Documents pertaining to the EEOC charges filed by the plaintiff.

  3.  Various e-mails and correspondence regarding training opportunities provided to plaintiff and training opportunities rejected by DHSS.

  4.  Various e-mails and correspondence regarding the plaintiff's concerns about her position during her maternity leave.

  5.  DHSS policies regarding reporting and investigation of complaints of discrimination.

  6.  Documents relating to plaintiff taking leave after the January 17, 2006 anxiety attack.

  7.  Plaintiff's employee performance plan and performance plans of employees in similar positions.

  8.  Documentation of workers' compensation payments made to the plaintiff.

State defendant reserves the right, pursuant to Rule 26(e) to identify additional documents. State defendant further reserves the right to identify and utilize any document listed by the plaintiff.

**(C)   Damage Computation:**

Not applicable.

**(D)   Insurance Agreements:**

Not applicable.

                              **STATE OF DELAWARE**
                              **DEPARTMENT OF JUSTICE**

s/s   *Kevin R. Slattery*
Kevin R. Slattery, I.D. #2297
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorney for State of Delaware,
Department of Health and Human Services

Dated:  May 21, 2008